# UNITED STATES DISTRICT COURT
# DISTRICT OF MINNESOTA

| | |
|---|---|
| United States of America, | Criminal No. 12-0058 (SRN) |
| Plaintiff, | |
| v. | **ORDER** |
| Gary Albert Collyard, | |
| Defendant. | |

Benjamin F. Langner and David J. MacLaughlin, Office of the United States Attorney, 300 South Fourth Street, Suite 600, Minneapolis, Minnesota 55415, for Plaintiff United States of America

William J. Mauzy and Casey J. Rundquist, Law Offices of William J. Mauzy, 510 First Avenue North, Suite 610, Minneapolis, Minnesota 55403, for Defendant

Christopher W. Madel, Robins, Kaplan, Miller and Ciresi, LLP, 800 LaSalle Avenue, Suite 2800, Minneapolis, Minnesota 55402, for Movant Thomas E. Brever

SUSAN RICHARD NELSON, United States District Judge

This matter is before the Court on Thomas E. Brever's Motion to Intervene or to Appear as Amicus Curiae [Doc. No. 46] and Defendant's Motion for a Protective Order [Doc. No. 53]. For the reasons stated below, Mr. Brever's motion is denied in part, and granted in part, and Defendant's motion is granted.

## I. BACKGROUND

Defendant has moved to withdraw his guilty plea, arguing that he entered the plea due to ineffective assistance of counsel. (Def.'s Mot. to Withdraw Guilty Plea at 2 [Doc. No. 33].) An evidentiary hearing on Defendant's motion is scheduled to be heard before

the undersigned judge on April 10, 2013.  (Order of 3/22/13 [Doc. No. 52].)  In connection with Defendant's Motion to Withdraw His Guilty Plea, the Court previously ruled that by challenging his former counsel's representation, Defendant had waived the attorney-client privilege and the Government was therefore entitled to discovery on certain relevant communications between Defendant and his former counsel, Thomas Brever.  (Order of 1/8/13 at 7 [Doc. No. 38].)  Subsequently, the Court conducted an *in camera* review of the attorney-client documents in question ("the Brever Documents") and ordered that the vast majority of them be produced to the Government.  (Order of 2/21/13 at 3-4 [Doc. No. 40].)  The Court granted Defendant the opportunity to file objections to the Court's Order requiring the production of the Brever Documents (id. at 4), but Defendant did not do so.   Following the expiration of the objections period, counsel for Mr. Brever disclosed the Brever Documents to the Government in accordance with the Court's Order.  (Notice of Compliance [Doc. No. 44].)

Approximately two months prior to the filing of criminal charges in the instant case, the Securities and Exchange Commission ("SEC") commenced a civil lawsuit against Defendant Collyard and others for violations of Section 15(a) of the Exchange Act, 15 U.S.C. § 78o(a).  (Compl. ¶¶ 38-40, SEC v. Collyard, 11-CV-3656 (JNE/JJK) [Doc. No. 1].)   In the instant criminal action, the Government and Mr. Brever's counsel separately filed notices indicating that the SEC had requested that the Government and Mr. Brever's counsel provide the SEC with copies of the Brever Documents for use in the civil proceeding.  (Notices, United States v. Collyard, 12-CR-58 (SRN/JJG) [Doc. Nos.

42 & 43].)  Both the Government and Mr. Brever's counsel expressed their intentions to provide the documents to the SEC, absent any objections from Mr. Collyard.  (Id.)  The Government and counsel for Mr. Brever requested that any such objections be made by March 19, 2013.  (Id.)

On March 21, 2013, Defendant filed a Notice of Appearance/Substitution of Counsel [Doc. No. 50].  The following day, Defendant's new defense counsel filed the instant Motion for a Protective Order.  (Motion for a Protective Order [Doc. No. 53].)

## II. DISCUSSION

### A. Mr. Brever's Motion to Intervene, or Alternatively, to Appear as *Amicus Curiae*

Mr. Brever moves to intervene, or, in the alternative, to appear as *amicus curiae*, at the April 10 evidentiary hearing for the limited purpose of permitting his counsel to question witnesses and present evidence.  (Mot. to Intervene at 1-2 [Doc. No. 46].)  The Government opposes Mr. Brever's motion to intervene, but does not object to his participation in the upcoming hearing as *amicus curiae* with the ability, through counsel, to present evidence and question witnesses.  (Govt.'s Resp. Mot. to Intervene at 1 [Doc. No. 49].)

As Mr. Brever concedes, the Federal Rules of Criminal Procedure do not provide for third-party intervention in criminal cases.  (Brever's Mot. to Intervene at 2 [Doc. No. 46]) (citing United States v. Aref, 533 F.3d 72, 81 (2d Cir. 2008); United States v. Kollintzas, 501 F.3d 796, 800 (7th Cir. 2007)).  While a party may move to intervene in civil litigation pursuant to Federal Rule of Civil Procedure 24, this rule does not apply in

3

a criminal case.  Kollintzas, 501 F.3d at 800.   Despite a lack of authority in the criminal rules, motions to intervene in criminal proceedings have been granted in limited circumstances where "a third party's constitutional or other federal rights are implicated by the resolution of a particular motion, request, or other issue during the course of a criminal case."  United States v. Carmichael, 342 F. Supp.2d 1070, 1072 (M.D. Ala. 2004).   In Aref, the Second Circuit Court of Appeals noted that federal courts "have authority to 'formulate procedural rules not specifically required by the Constitution or the Congress' to 'implement a remedy for violation of recognized rights,'" such as the violation of the public's First Amendment right of access to criminal proceedings.  533 F.3d at 81 (quoting United States v. Hasting, 461 U.S. 499, 505 (1983)). Therefore, courts have permitted the press to intervene in criminal proceedings where decisions to close a courtroom to the public implicate First Amendment rights.  Carmichael, 342 F. Supp.2d at 1072 (citing United States v. Hernandez, 124 F. Supp.2d 698, 701 (S.D. Fla. 2000); United States v. Baez-Alcaino, 718 F. Supp. 1503 (M.D. Fla.1989); United States v. Torres, 602 F. Supp. 1458, 1462 (N.D. Ill. 1985)).  In addition, third parties have been permitted to intervene in criminal proceedings to challenge a discovery request on grounds of privilege. See, e.g., United States v. Bergonzi, 216 F.R.D. 487 (N. D. Cal. 2003); United States v. Cuthbertson, 651 F.2d 189, 193 (3d Cir. 1981).

Here, Mr. Brever argues that he possesses a "recognized right" in his license to practice law, and intervention will help him protect this right.  (Brever's Mot. to Intervene at 3 [Doc. No. 46].)  The Supreme Court has recognized a property interest in the right to

4

practice law sufficient to trigger the protections of the Due Process Clause. Barry v. Barchi, 443 U.S. 55, 64 (1979). However, in the context of Defendant's Motion to Withdraw his Guilty Plea, this Court has no authority with respect to Mr. Brever's law license. The evidentiary hearing on Defendant's motion is therefore distinguishable from a criminal proceeding in which the press seeks intervention based on denied access, or a proceeding in which a third-party seeks to intervene in order to protect a privileged communication. In those situations, courts possess the authority to enter a ruling in a criminal proceeding that addresses the third party's constitutional or other rights, which are directly impacted. Because Mr. Brever's right in his license to practice law is not before the Court in this criminal proceeding, and because the right of intervention in criminal proceedings is narrowly circumscribed, his Motion to Intervene is denied.

Although Mr. Brever's Motion to Intervene is denied, the Court will permit him to participate as *amicus curiae* with the ability through counsel to present evidence, question witnesses, and file briefs, as appropriate. This Court has invited third parties to appear as *amicus curiae* when the third parties' perspective, arguments, theories, and/or facts are helpful to the Court and may not otherwise be contained in the parties' briefs. See State of North Dakota v. Heydinger, No. 11-CV-3232 (SRN/SER), 2013 WL 593898, at *7 (D. Minn. Feb. 15, 2013) (citing Am. Civil Liberties Union of Minn. v. Tarek ibn Zayad Acad., No. 09-CV-138 (DWF/JJG), 2010 WL 1840301, at *9 (D. Minn. May 7, 2010)). Given the legal and factual issues regarding Defendant's ineffective assistance of counsel claim, the involvement of Mr. Brever's counsel in the upcoming hearing will assist the

5

Court.  Moreover, Mr. Brever may provide information not presented by the parties. Accordingly, Mr. Brever's alternative request for leave to appear as *amicus curiae* is granted.

### B. Defendant's Motion for a Protective Order

Defendant seeks a protective order to prohibit the Government and counsel for Mr. Brever from disclosing the Brever Documents to the SEC.  (Def.'s Mem. Supp. Mot. for Protective Order at 3-5 [Doc. No. 46].)  Mr. Collyard acknowledges that by arguing that Mr. Brever provided ineffective assistance of counsel, he implicitly waived his attorney-client privilege with respect to much of Brever's file.  (Id. at 1.)  However, he contends that the waiver is limited to the disclosure and use of Brever's documents in determining the merits of the ineffective assistance claim.  (Id.)  Therefore, Defendant argues that the Brever Documents should be protected from disclosure to the SEC.  (Mem. Supp. Mot. for Protective Order at 3-5 [Doc. No. 54].)   The Government does not oppose Defendant's motion. (Govt.'s Resp. to Mot. for Protective Order at 1 [Doc. No. 55].)

In Bittaker v. Woodford, 331 F.3d 715, 728 (9th Cir. 2003), the court held that the scope of a federal habeas petitioner's waiver arising out of a claim of ineffective assistance of counsel was limited to the litigation of the federal habeas petition.  In reaching its holding, the court distinguished the "waiver by implication" in Bittaker from more traditional express waivers:

> An express waiver occurs when a party discloses privileged information to a third party who is not bound by the privilege, or otherwise shows disregard for the privilege by making the information public. . . . Disclosures that effect an express waiver are typically within the full

6

> control of the party holding the privilege; courts have no role in
> encouraging or forcing the disclosure – they merely recognize the waiver
> after it has occurred.

Id. at 719. As to implied waivers, which are typically imposed by courts, the Bittaker court observed:

> The court imposing the waiver does not order disclosure of the materials
> categorically; rather, the court directs the party holding the privilege to
> produce the privileged materials *if* it wishes to go forward with the claims
> implicating them. The court thus gives the holder of the privilege a choice:
> If you want to litigate this claim, then you must waive your privilege to the
> extent necessary to give your opponent a fair opportunity to defendant
> against it.

Id. at 720. Moreover, in finding the scope of the waiver limited, the Bittaker court found that

> "[i]t is no answer to say that Bittaker created this dilemma for himself – that
> he was the one who voluntarily "chose" to challenge his conviction on
> grounds of ineffective assistance. The Constitution guarantees Bittaker the
> right to effective assistance of counsel at trial, Strickland v. Washington,
> 466 U.S. 668, 686 (1984), and Congress has provided him an avenue to
> claim that his constitutional rights were violated, 28 U.S.C. § 2254.

Id. at 723-24.

With respect to implied waiver, Bittaker provides that "the court must impose a waiver no broader than needed to ensure the fairness of the proceedings before it." Id. In addition, if a party complies with the court's conditions and provides the privileged materials, "it is entitled to rely on the contours of the waiver" imposed by the court. Id. at 721

While Bittaker is not binding authority on this Court, the Court is unaware of any governing Eighth Circuit precedent on this precise issue and finds the reasoning in

7

Bittaker persuasive. In a different context, in <u>Diversified Indus., Inc. v. Meredith</u>, 572 F.2d 596, 611 (8th Cir. 1977), the Eighth Circuit held that the plaintiff did not waive its attorney-client privilege by voluntarily surrendering documents to the SEC pursuant to an agency subpoena, stating, "As Diversified disclosed these documents in a separate and nonpublic SEC investigation, we conclude that only a limited waiver of the privilege occurred." Other jurisdictions have cited and relied upon <u>Bittaker</u>. <u>See</u>, <u>e.g.</u>, <u>United States v. Nicholson</u>, 611 F.3d 191, 217 (4th Cir. 2010); <u>In re Lott</u>, 139 Fed. App'x 658, 660 (6th Cir. 2005). In addition, other district courts within the Eighth Circuit have cited the <u>Bittaker</u> decision. <u>See</u>, <u>e.g.</u>, <u>Crusoe v. United States</u>, Nos. C10-0002-LRR, CR05-0071-LRR, 2012 WL 877018, at *2 (N.D. Iowa Mar. 15, 2012) (observing that a claim of ineffective assistance waives the attorney-client privilege as to communications with the attorney that are necessary to prove or disprove the claim); <u>Allen v. United States</u>, No. 4:07-CV-00027 ERW, 2011 WL 4729819, at *4 (E.D. Mo. 2011) (finding that by alleging ineffective assistance of counsel, Allen had "waived attorney-client privilege as to the matters he challenges.").

In addition, this Court cited <u>Bittaker</u> in its January 8, 2013 Order, acknowledging that the Court must impose a waiver no broader than necessary. (Order of 1/8/13 at 8 [Doc. No. 38].) Further, this Court observed that "[c]ourts that have imposed attorney-client privilege waivers for ineffective assistance of counsel claims have tailored the scope of the waiver to the needs of the party in litigating the claim in question." (<u>Id.</u>) (citing <u>Bittaker</u>, 331 F.3d at 720; <u>Kerr v. U.S. Dist. Ct.</u>, 426 U.S. 394, 405 (1976)). In

granting Mr. Brever's request to produce the attorney-client privileged documents, the Court therefore limited the scope of the production, only allowing Mr. Brever to produce documents relevant to Defendant's ineffective assistance of counsel claim.  (Id.)

The relief requested in Defendant's Motion for a Protective Order is therefore consistent with this Court's previous ruling.  Moreover, the Government does not oppose Defendant's Motion for a Protective Order.  Accordingly, for all of these reasons, Defendant's Motion for a Protective Order prohibiting the disclosure of the Brever Documents to the SEC is granted.

**THEREFORE**, **IT IS HEREBY ORDERED** that:

1. Thomas E. Brever's Motion to Intervene or to Appear as *Amicus Curiae* [Doc. No. 46] is **DENIED in part** as to intervention, and **GRANTED in part** as to appearing as *amicus curiae*; and

2. Defendant's Motion for a Protective Order [Doc. No. 53] is **GRANTED**.

Dated:   April 3, 2013                                        s/Susan Richard Nelson

                                                              SUSAN RICHARD NELSON
                                                              United States District Judge